ESTHER L. TITUS, Respondent, *v.* PATRICK O'CONNOR, Appellant.

*Testimony of a party as to a conversation with a deceased person — when admissible.*

The defendant entered into an oral agreement with one Titus to work a farm belonging to the latter upon shares, upon certain terms. Subsequently Titus died, leaving the farm and all the implements thereon to his wife. Thereafter the defendant agreed with the wife, the plaintiff, to work the farm upon the same terms that he had worked it on for her husband.

In an action by the plaintiff to enforce the latter agreement, *held*, that the testimony of the defendant, as to the terms of the agreement made with the deceased, was admissible as against the plaintiff.

Appeal from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought to recover the difference between the value of certain animals and farm implements on the farm formerly belonging to Robert W. Titus, at Westbury, at the time the defendant commenced working it on shares, and the value of the animals and farm implements on said farm when he left. Also for the partition or sale of certain articles jointly owned by the parties, and growing out of the same agreement and arrangement.

The agreement was originally entered into between the defendant and Robert W. Titus, the husband of the plaintiff. He died, leaving a will by which the farm was devised to his widow, the plaintiff, and all the farm implements, stock, etc., were given to her. She was appointed executrix and has duly qualified. After the death of the husband it was agreed between the plaintiff and the defendant, that he should continue to work the farm, according to the agreement made with the deceased.

*Daniel Daly.* for the appellant.

*Wm. H. Onderdonk,* for the respondent.

Gilbert, J.:

We think that the referee erred in excluding the testimony of the defendant, as to the terms of the contract between him and the

plaintiff's deceased husband, Robert W. Titus. The plaintiff sues in her individual capacity and not as executrix of her deceased husband. The contract which she seeks to have enforced was made with her after her husband's death. Both parties testified that the agreement between them was, that the defendant should work the farm on the same terms as he had worked it under the agreement with the plaintiff's husband.

That was a verbal agreement. The Code of Civil Procedure has no application to such a case, for the reason that the action does not affect any title or interest which the plaintiff has derived from, through, or under her deceased husband. Her title to, or interest in, the subject matter in controversy is derived from the contract between her and the plaintiff. It has in no sense come to her by succession from her deceased husband.

By his will the ownership of the property embraced in the contract was transferred to her, but the contract has no relation to such ownership, but is limited to the management of the property only. The reference in that contract to the previous one between the defendant and the deceased simply adopts the latter, and makes it a part of the former. Evidence of the contract they adopted is essential to show the contract actually made by the plaintiff, but it would neither prove or disprove any claim which the plaintiff has derived from or through her deceased husband. No claim of that kind is involved in the action.

This error being decisive of the case, we need not discuss other exceptions raised upon the trial.

The judgment must be reversed, the order of reference vacated, and a new trial granted, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed, and new trial granted at circuit, costs to abide event.